IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL PARKS,** | : | **CIVIL NO. 1:CV-13-2912** |
| | : | |
| Petitioner | : | (Judge Rambo) |
| | : | |
| v. | : | |
| | : | |
| **A. JORDAN,** | : | |
| | : | |
| Respondent | : | |

# M E M O R A N D U M

Before the court is a motion to reopen these habeas proceedings under Federal Rule of Civil Procedure 60(b), filed by Petitioner Darrell Parks. (Doc. 16.) In the motion, Petitioner requests that the court reopen his habeas action because of newly discovered evidence and "for any other reason that justifies relief." (*Id*. at 1.) For the reasons that follow, the motion to reopen will be denied.

## I. Background

Petitioner is a federal inmate formerly incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). In his habeas petition, filed on December 3, 2013, Petitioner alleged that his constitutional rights were violated in the context of a disciplinary proceeding. (Doc. 1.) In addition, Petitioner claimed that he faced a potential denial of parole as a "collateral

consequence" of prison officials' failure to follow the Bureau of Prisons' ("BOP") policies and procedures with respect to his disciplinary hearing. (*Id*.) He also claimed that he was denied his right to privacy when his misconduct was discussed in the presence of staff and other inmates. (*Id*.) As relief, he requested that his incident report be expunged and injunctive relief. (*Id*.)

On February 7, 2014, the court denied Petitioner's habeas petition on the merits based on the fact that he had received all due process during his disciplinary proceedings and, as such, his "collateral consequences" claim failed. (Doc. 8.) Petitioner appealed the decision to the United States Court of Appeals for the Third Circuit. (*See* Doc. 10.) On September 10, 2014, the Third Circuit entered a Judgment affirming this court's denial of the habeas petition, but for different reasoning. *See Parks v. Jordan*, No. 14-1403 (3d Cir. 2014) (Doc. 15-1). Specifically, the Third Circuit held that, rather than the petition be denied on the merits, this court lacked subject matter jurisdiction over Petitioner's claims and, thus, the merits of those claims should not have been considered. *Id*. at 4-5 (Doc. 15-1 at 4-5).

On May 16, 2016, Petitioner filed the instant motion to reopen this case under Rule 60(b). (Doc. 16.) Petitioner requests that the court reopen these habeas proceedings based on newly discovered evidence and "for any other reason

2

that justifies relief." (*Id.*) Respondent has filed a brief in opposition, (Doc. 18), and the motion is now ripe for disposition.

## II. Discussion

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The Rule provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the

entry of judgment. Fed. R. Civ. P. 60(c)(1). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." *Jackson v. Danberg*, 656 F.3d 157, 165-66 (3d Cir. 2011) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). Further, the decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981).

In the instant motion, Petitioner argues that his case should be reopened to prevent a "manifest injustice" where the court previously misconstrued his constitutional claims as a challenge only to his disciplinary proceedings without also including his retaliation and freedom of speech claims. (*See* Doc. 17 at 3.) In addition, Petitioner seemingly alleges that "newly discovered evidence" exists in the form of a November 9, 2015 United States Parole Commission Notice of Action that denied him parole based, in part, on three disciplinary infractions he received while incarcerated. (*Id.*; Doc. 16-1, Notice of Action.) One of those

4

disciplinary infractions was the subject of the instant habeas petition. (*See* Doc. 16-2, Pet.'s Aff.)

In the brief in opposition to the instant motion to reopen, Respondent argues that Petitioner's motion is untimely. (Doc. 18 at 4.) In addition, Respondent contends that reopening this case would be futile since the court lacks jurisdiction over Petitioner's claims, (*id*. at 5), and that Petitioner has not demonstrated any other basis for relief, (*id*. at 5-7). Because the court agrees that the motion to reopen is not only untimely, but also that the court would lack jurisdiction over Petitioner's habeas claims should the motion be granted, the motion to reopen will be denied.

### A.     Timeliness of Rule 60(b) Motion

As stated above, a "motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes a 'reasonable time' depends on the circumstances of each case" and "which Rule 60(b) clause a claimant is trying to avail." *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). "A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential

prejudice to other parties." *Id*. "A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007).

Here, Petitioner states that his motion to reopen is brought, in part, based on newly discovered evidence in the form of the Parole Commission's 2015 Notice of Action. (Doc. 17 at 3.) In order to properly move to reopen pursuant to Rule 60(b)(2), the "newly discovered evidence" would have to be "evidence of facts in existence at the time of [Petitioner's] original filing of which he was excusably ignorant." *Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011) (citing *United States v. 27.93 Acres of Land*, 924 F.2d 506, 516 (3d Cir. 1991)). Obviously, Petitioner could not have been aware of the 2015 Notice of Action at the time of his original action.[1] Nevertheless, it is clear that Petitioner failed to seek relief

---

[1] Even if the court were to consider the Parole Commission's 2015 Notice of Action as "newly discovered evidence," that evidence does not serve as any basis for relief in this case. Specifically, the Parole Commission denied parole for Petitioner because "there is a reasonable probability that you would not obey the law if released and your release would endanger the public safety." (Doc. 16-1 at 2.) The Commission based this decision on the fact that Petitioner had received three disciplinary infractions since the date of his last parole review. (*Id*.) Only one of those infractions is at issue here. Thus, as the Third Circuit pointed out in its decision affirming the court's judgment in this case, "even if [Petitioner] is successful at expunging the disciplinary infraction at issue, parole is not a certainty; there are other factors which could affect his chances for parole, including other disciplinary infractions." *See Parks*, No. 14-1403, at 5 (Doc. 15-1 at 5). The 2015 Notice of Action ultimately does not support Petitioner's contention that he has been denied parole as a consequence of the sole disciplinary infraction at issue here.

within one year of this court's February 7, 2014 judgment. Again, a Rule 60(b) motion based on newly discovered evidence must be brought within one (1) year of the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). "An appeal does not toll this time period." *Lusick*, 439 F. App'x at 99 (quoting *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987)).

Further, to the extent that Petitioner brings his motion under Rule 60(b)(6), which has a less stringent time limit, *see* Fed. R. Civ. P. 60(c)(1), nothing in the motion can be construed as an allegation of "extraordinary circumstances" that would otherwise justify reopening this case. Specifically, Petitioner's argument that the court should have construed his habeas petition attacking the disciplinary hearing as a civil rights complaint does not constitute "extraordinary circumstances." Not only is this argument not based on any legal authority, but the original petition itself belies his contention here, as it specifically states a challenge to the due process received at his disciplinary proceedings. (Doc. 1 at 6-9.) Further, as the Third Circuit stated in its decision on appeal, dismissal of the habeas petition should be without prejudice to Petitioner's ability to pursue his claims in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Parks*, 14-1403, at 5 (Doc. 15-1 at 5). As it appears that Petitioner may be now barred from bringing civil rights claims by the applicable

7

statute of limitations, *see* 42 Pa. Cons. Stat. § 5524 (applicable statute of limitations for a 42 U.S.C. § 1983 claim for personal injury is two years); *see also Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988) (noting that the same statute of limitations applies to both *Bivens* and § 1983 claims), the instant motion to reopen these habeas proceedings cannot now be the means by which Petitioner raises those claims.

Petitioner's motion to reopen brought two years after this court denied his habeas petition, under either grounds, is untimely.

### B. Subject Matter Jurisdiction

As set forth above, on September 10, 2014, the Third Circuit affirmed this court's denial of the instant habeas petition, but did so using different reasoning. *See Parks*, No. 14-1403 (Doc. 15-1). Specifically, the Third Circuit held that, rather than the petition be denied on the merits, this court lacked subject matter jurisdiction over Petitioner's claims because: (1) he did not lose any good time credits during the disciplinary proceedings at issue, and (2) his due process claims relating to his chances at parole were insufficient because they did not directly affect the duration of his confinement. *Id*. at 4-5 (Doc. 15-1 at 4-5). In light of the Third Circuit's decision, even if the court would grant Petitioner's motion to reopen this case, it would not have jurisdiction over Petitioner's claims presented

8

in his habeas petition. Thus, it would be futile to grant the instant motion to reopen.

### III.   Conclusion

For the above stated reasons, the motion to reopen will be denied. An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: June 20, 2016.